PEOPLE *v.* DOLPHUS.

1. LARCENY—EVIDENCE.

Testimony, showing defendant was encountered with complainant's portable television set in hand soon after complainant's apartment had been broken into, *held,* sufficient to permit trial judge, as trier of fact, to find that defendant's guilt of larceny from a building was established beyond a reasonable doubt (CL 1948, § 750.360).

2. CRIMINAL LAW—NONJURY TRIAL—CREDIBILITY OF WITNESSES—EVIDENCE—APPEAL—REASONABLE DOUBT.

The credibility of witnesses is a matter for the trial judge when sitting without a jury and the finding of guilty by the trial judge in a criminal case will not be disturbed upon appeal unless the Court of Appeals is satisfied that the guilt of the accused was not established beyond a reasonable doubt.

Appeal from Recorder's Court; Gillis (Joseph A.), J.  Submitted Division 1 November 3, 1965, at Detroit.  (Docket No. 445.)  Decided January 25, 1966.

REFERENCES FOR POINTS IN HEADNOTES
[1] 32 Am Jur, Larceny §§ 140–143.
[2] 53 Am Jur, Trial § 1123.

Eddie Dolphus was convicted of larceny in a building. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Samuel H. Olsen,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Rheo C. Marchand,* Assistant Prosecuting Attorney, for the people.

*Dominick Carnovale,* for defendant.

LESINSKI, C. J. On July 21, 1964, defendant-appellant Eddie Dolphus, upon waiver of a jury trial, was tried in Detroit recorder's court and found guilty of larceny in a building. CL 1948, § 750.360 (Stat Ann 1954 Rev § 28.592). This cause arose when the complainant, Henry Brown, came upon the defendant coming out of the entrance to complainant's apartment dwelling with complainant's portable television in hand.

Brown at the trial testified that Eddie Dolphus told him that some unknown young fellow had taken the television from the complainant's apartment, who when met by the defendant dropped the television. Brown said the defendant claimed he was in the process of returning it to the complainant and not stealing the television.

At the trial Eddie Troy was also called by the people to testify. Both Brown and Troy in their testimony spoke of the possession of the television by the defendant, and of the fact that the complainant's apartment had been broken into. Upon completion of the people's case, both the prosecution and defense rested their cases. The judge sitting as trier of fact found the defendant guilty as charged, and then sentenced him to 2-1/2 to 4 years in prison.

A motion for new trial was filed by the defense

on September 16, 1964. Upon denial of this motion on January 14, 1965, appeal was taken.

The issues facing this Court turn on the weight of the evidence as admitted at trial. It is the defense's contention that there was no competent evidence upon which to convict the defendant of larceny from a building, CL 1948, § 750.360 (Stat Ann 1954 Rev § 28.592), and that it was not proved beyond a reasonable doubt that the defendant had the requisite intent necessary to sustain a charge of larceny.

On close scrutiny of the evidence, it is this Court's view that the record contains proof upon which the trier of fact could convict the defendant. The testimony shows that the defendant was encountered with the complainant's television set in hand, soon after the complainant's apartment had been broken into. Thus, if the the testimony was believed, the trier of fact could find that the defendant's guilt was established beyond a reasonable doubt.

As the Michigan Supreme Court stated in *People* v. *Geddes* (1942), 301 Mich 258, 261:

"The credibility of the witness is a matter for the trial judge when sitting without a jury and the finding of guilt by the trial judge in a criminal case will not be disturbed upon appeal unless this court is satisfied that the guilt of the accused was not established beyond a reasonable doubt. See *People* v. *Sartori,* 168 Mich 308."

This Court is satisfied that the guilt of the accused was established beyond a reasonable doubt, and will not substitute its judgment for that of the trial court as the trial court had an opportunity to hear the testimony of the witnesses and observe their conduct. See *People* v. *Martino* (1944), 308 Mich 381, 391.

Judgment affirmed. Costs to the appellee.

QUINN and WATTS, JJ., concurred.