PEOPLE *v.* HASSLER.

1. Criminal Law—Nonjury Case—Evidence.
   The measure of credence to be given to any portion of the evidence presented to the trial court in a nonjury criminal case is in the province of the trier of fact.

2. Same—Nonjury Case—Abuse of Discretion.
   An appellate court will not disturb findings of trial court, sitting without jury in a criminal case, unless a clear abuse of discretion is shown.

---

References for Points in Headnotes
[1] 53 Am Jur, Trial § 1122 *et seq.*
[2] 5 Am Jur 2d, Appeal and Error § 839 *et seq.*
[3] 7 Am Jur 2d, Automobiles and Highway Traffic § 263 *et seq.;* § 335.

3. SAME—RECKLESS DRIVING.

> Evidence presented in prosecution for reckless driving *held,*
> sufficient to support trial judge's finding of guilt (CLS 1961,
> § 257.626).

Appeal from Recorder's Court of the City of Detroit, Traffic and Ordinance Division; Maher (Richard M.), J. Submitted Division 1 October 7, 1966, at Detroit. (Docket No. 1,430.) Decided December 22, 1966.

James Hassler was convicted of reckless driving. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Samuel H. Olsen,.* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *James E. Lacey,* Assistant Prosecuting Attorney, for the people.

*Frank Schwartz (Arthur M. Lang,* of counsel), for defendant.

LESINSKI, C. J.   Defendant James Hassler was charged with having committed the act of reckless driving in violation of CLS 1961, § 257.626 (Stat Ann 1960 Rev § 9.2326), on June 3, 1965, in the city of Detroit. He was tried by the court, without a jury, on November 4, 1965, and found guilty.

The appeal tests the sufficiency of the evidence for a finding of guilty beyond a reasonable doubt.

A review of the record discloses evidence on each element of the offense. The measure of credence to be given any portion of the evidence presented is in the province of the trier of fact. An appellate court will not disturb his findings unless a clear abuse of discretion is shown. *People* v.

*Stevens* (1965), 1 Mich App 673; *People* v. *Martino* (1944), 308 Mich 381; *People* v. *Dolphus* (1966), 2 Mich App 229.

Affirmed.

J. H. GILLIS and HOLBROOK, JJ., concurred.