## PEOPLE *v.* SHANKS

1. JUDGES—DISQUALIFICATION—PRESERVING QUESTION.

Failure of a recorder's court judge who had previously taken defendant's plea of guilty to disqualify himself at defendant's trial which was held after defendant withdrew his plea of guilty was not reversible error where defendant did not object at the proper time in order to preserve this question for appeal.

2. CRIMINAL LAW—UNLAWFULLY DRIVING AWAY A VEHICLE—ELEMENTS OF CRIME.

Findings that a defendant was observed taking possession of a stolen automobile and that he was inside it while it was being driven away wilfully and without authority are sufficient to establish the commission of the crime of unlawfully driving away a motor vehicle (MCLA § 750.413).

Appeal from Recorder's Court of Detroit, Robert J. Colombo, J. Submitted Division 1 January 15, 1970, at Detroit. (Docket No. 7,310.) Decided January 29, 1970.

William Shanks was convicted of unlawfully driving away a motor vehicle. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Charles G. Tangora,* for defendant on appeal.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 46 Am Jur 2d, Judges § 181.
Time for asserting disqualification of judge, and waiver of disqualification. 73 ALR2d 1238.
[2] 7 Am Jur 2d, Automobiles and Highway Traffic § 304 *et seq.*

Before: Danhof, P. J., and Fitzgerald and Mc-Gregor, JJ.

Per Curiam. On March 10, 1967, defendant was charged with unlawfully driving away a motor vehicle contrary to MCLA § 750.413 (Stat Ann 1954 Rev § 28.645).

At arraignment on the information, the defendant entered a plea of guilty to the lesser charge of attempted unlawfully driving away an automobile. He was sentenced and appealed this conviction on a variety of grounds, including the allegation that he was not responsible for the crime. He subsequently made a motion to withdraw his guilty plea which was heard and granted and a trial date was set in the Detroit recorder's court. Defendant was found guilty at a nonjury trial. Upon denial of a motion for a new trial, defendant appeals.

Defendant avers in his first assignment of error that the trial judge committed prejudicial error by failing to disqualify himself after he had previously taken the defendant's guilty plea. However, a careful review of the transcript does not reveal that any objection was made to the court's qualification to hear this case before or during the trial. The transcript reveals that the court carefully questioned the defendant regarding his waiver of a jury trial. The defendant not only stated on the record that he did not desire a jury, but that he wished the particular judge to sit on the bench because he would be fair.

The law on this question has been clearly stated:

"Although the practice of the recorder's court to assign a case for trial before the same judge who acted as examining magistrate is not to be commended, yet, in the absence of any claim of bias or prejudice on the part of the judge, he cannot be

held to be disqualified and any question in regard thereto, not raised at the trial, will not be considered for the first time on appeal." 2 Gillespie, Michigan Criminal Law and Procedure (2d ed), § 550, p 667.

Since the defendant did not object at the proper time in order to preserve his question for appeal, and since he demanded and received the forum he requested, it cannot be said that the failure of the trial judge to disqualify himself constituted reversible error.

In his second allegation of error defendant claims that the prosecution failed to establish his guilt beyond a reasonable doubt. The facts reveal that the defendant was observed taking possession of the stolen automobile and that he was inside it while it was being driven away wilfully and without authority. The finding of these elements, as set forth in *People* v. *Limon* (1966), 4 Mich App 440, are sufficient to establish the commission of the crime.

A review of the testimony does not substantiate defendant's claim that there was no competent evidence upon which to convict the defendant. If the testimony of the witnesses was believed, the trier of fact could find that the defendant's guilt was established beyond a reasonable doubt. *People* v. *Dolphus* (1966), 2 Mich App 229.

The judgment of the lower court is therefore affirmed.