PEOPLE *v.* WADE

1. ARREST—WITHOUT WARRANT—PROBABLE CAUSE—APPEAL AND ERROR—REVIEW.

The function of the Court of Appeals, in reviewing probable cause for an arrest without warrant, is to determine whether the facts available to the officer at the moment of arrest would warrant a fair-minded person of average intelligence and judgment in believing that the suspected person had committed a felony.

2. ARREST—WITHOUT WARRANT—VALIDITY—CONDUCT OF SUSPECT.

The conduct of a suspect while detained for inquiry is one of the factual circumstances which may justify an arrest without warrant as where defendant seeks to avoid apprehension and to destroy what would be evidence against him.

3. CRIMINAL LAW — DETENTION — CONDUCT — ARREST — PROBABLE CAUSE.

Police officer's observation of defendant and a companion at a late hour walking briskly away from an area from which calls for help were heard and of their attempt to cross a street against a traffic light was sufficient justification to detain them for inquiry and where the officer also saw de-

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Arrest § 49.
[2] 5 Am Jur 2d, Arrest §§ 44–49.
[3] 5 Am Jur 2d, Arrest § 45.
[4] 5 Am Jur 2d, Arrest §§ 1, 66, 75.
[5, 6] 5 Am Jur 2d, Arrest §§ 40, 73.
[7, 8] 5 Am Jur 2d, Arrest §§ 31, 40.
[9] 5 Am Jur 2d, Appeal and Error §§ 882, 883.

fendant's companion throw a watch and a wallet to the ground, he had probable cause for an arrest without warrant.

4. CRIMINAL LAW—DETENTION FOR INQUIRY—VALIDITY.

Brief detention of citizens by a law-enforcement officer under circumstances not justifying an arrest, for purposes of limited investigative inquiry, is not *ipso facto* unconstitutional and is valid where, from the total circumstances, it appears that the detention was based upon reasonable grounds and was not arbitrary or harassing.

5. ARREST — WITHOUT WARRANT — LEGALITY — SEARCHES AND SEIZURES — INCIDENTAL SEARCH.

A police officer making a lawful arrest without warrant has the authority to search the person of his prisoner and to take dangerous weapons from him and an assisting officer, who relies upon the arresting officer's direction, can also make such a search provided it is reasonably contemporaneous with the arrest.

6. ARREST—SEARCHES AND SEIZURES—INCIDENTAL SEARCH.

When probable cause is present justifying a lawful arrest without a warrant, the subsequent search may be thorough to the extent of discovering any weapon that might be upon the person arrested.

7. WEAPONS—CONCEALED WEAPONS—INTENT—EVIDENCE.

The only intent that need be shown in a concealed weapons case is the intent to carry a weapon and that intent may be inferred from defendant's possession of a weapon on his person and the concealment of it in a purposeful way.

8. WEAPONS — CONCEALED WEAPONS — LICENSE — EVIDENCE — SUFFICIENCY.

That defendant did not have a license to carry a pistol on July 12, 1968 was sufficiently established by an employee of the county clerk's office who testified that he had checked the records for the past 20 years and that up to and including July 22, 1968, he had no record of a license having been issued to defendant (MCLA § 750.227).

9. CRIMINAL LAW—EVIDENCE.

An appellate court may not set aside finding of guilty in a nonjury criminal case, when there is evidence in the record to support a finding defendant was guilty beyond a reasonable doubt.

Appeal from Wayne, Charles S. Farmer, J. Submitted Division 1 March 10, 1970, at Detroit. (Docket No. 7,765.) Decided March 31, 1970. Leave to appeal denied September 22, 1970. 384 Mich 758.

Preston Wade, Jr., was convicted of carrying a concealed weapon. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, and *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*Lee R. Franklin,* for defendant on appeal.

Before: T. M. BURNS, P. J., and HOLBROOK and BRONSON, JJ.

PER CURIAM. In the early morning hours of June 12, 1968, Ernest Anderson was relieved of his watch and wallet by two men.

At approximately the same time, a patrol sergeant with the Highland Park Police Department was driving an unmarked patrol car south on Woodward Avenue. The officer observed the defendant and a companion attempting to cross Woodward Avenue on foot against the light. As the officer drew up to the cross walk, he heard the complainant, Ernest Anderson, repeatedly cry for help. The policeman noted that the defendant and his companion had been walking briskly from the general vicinity of the calls for help. The policeman stopped the patrol car, got out, and ordered the pair to stop. The complainant was approximately 15 feet from the place where the two men were ordered to halt.

After the policeman asked the men to stop, he saw the defendant's companion throw a watch and a wallet to the ground. The defendant started to walk

around to the back of the patrol car but was ordered by the policeman to come back. The officer then radioed for assistance and was joined by two fellow officers within a minute. One of these assisting officers conducted a search of the defendant and discovered a pistol tucked down in the back of his pants.

The defendant went to trial October 14, 1968, and was convicted by the court, sitting without a jury, of robbery unarmed and of carrying a concealed weapon.[1] Following a motion for a new trial, the conviction on the first count was set aside but a motion to set aside the conviction on the second count was denied.

On appeal, the defendant argues that: the policeman lacked probable cause to make the arrest; the search was too extensive; and the prosecution failed to prove beyond a reasonable doubt the requisite elements of intent and lack of license to carry a concealed weapon as required by CL 1948, § 750.227 (Stat Ann 1962 Rev § 28.424).

In reviewing the defendant's claim that the policeman lacked probable cause, it is the function of this Court to determine whether the facts available to the officer at the moment of arrest would warrant a fair-minded person of average intelligence and judgment in believing that the suspected person had committed a felony. *People* v. *Sansoni* (1968), 10 Mich App 558; *People* v. *Wolfe* (1967), 5 Mich App 543; *People* v. *Livermore* (1967), 9 Mich App 47; *People* v. *Harper* (1962), 365 Mich 494. The conduct of a suspect when detained for inquiry is one of the factual circumstances which may justify a warrantless arrest, as where the defendant seeks to avoid apprehension and destroy what would be evidence against him. *People* v. *Jackson* (1968), 98 Ill App

---

[1] CL 1948, § 750.227 (Stat Ann 1962 Rev § 28.424).

2d 238 (240 NE2d 421); *People* v. *Cruz* (1964), 61 Cal 2d 861 (395 P2d 889).

Looking at all the facts available to the officer at the time of his order to defendant and his companion to stop: the lateness of the hour; the cries for help; the rapid pace of walking from the vicinity of the complainant; and the attempt to cross Woodward against the light, justified the detaining of the pair by the officer for inquiry.

"Relying primarily upon *Rios* v. *United States* (1960), 364 US 253, 262 (80 S Ct 1431, 4 L Ed 2d 1688), we have recently held that 'there is nothing *ipso facto* unconstitutional in the brief detention of citizens under circumstances not justifying an arrest, for purposes of limited inquiry in the course of routine police investigations'; and that the test of the validity of such a brief detention is whether 'from the totality of the circumstances' it appears that the detention was based upon 'reasonable grounds' and 'was not arbitrary or harassing.' *Wilson* v. *Porter* (CA 9, 1966), 361 F2d 412. Supporting authority from this court includes *Davis* v. *People of State of California* (CA 9, 1965), 341 F2d 982, 986; *Lipton* v. *United States* (CA 9, 1965), 348 F2d 591, 593; *Busby* v. *United States* (CA 9, 1961), 296 F2d 328, 331."[2] *Gilbert* v. *United States* (CA 9, 1966), 366 F2d 923, 928.

Added to the facts justifying the detaining of the defendant and his companion for inquiry, the officer observed the discarding of the wallet and the watch by one of the pair. At this point we conclude that the policeman had probable cause to make the arrest.

This being so, the officer making the lawful arrest had authority to search the person of his prisoner

---

[2] The Court of Appeals for the Second Circuit has gone farther, permitting detention of substantial duration without probable cause. See *United States* v. *Middleton* (CA 2, 1965), 344 F2d 78, 80, 81 (*dictum*); *United States* v. *Vita* (CA 2, 1961), 294 F2d 524, 529, 530.

and to take from him dangerous weapons. We see no reason why an assisting officer relying upon the directions of the arresting officer could not make the search when made reasonably contemporaneous with the arrest. *State* v. *Pokini* (1961), 45 Hawaii 295 (367 P2d 499); *People* v. *Richardson* (1959), 51 Cal 2d 445 (334 P2d 573); *Broussard* v. *State* (1958), 166 Tex Crim 224 (312 SW2d 664).

The claim of defendant that the search was too extensive is without merit. When probable cause is present justifying a lawful arrest without a warrant, the subsequent search may be thorough to the extent of discovering any weapon that might be upon the person arrested. *People* v. *Gant* (1966), 4 Mich App 671, 674.

Finally, after reviewing the lower court record we are convinced that competent evidence was before the trial court on the element of intent. In a concealed weapons case it is only necessary to show intent to carry the weapon. *People* v. *Williamson* (1918), 200 Mich 342. The intent to carry the weapon can be gathered from the fact that the defendant had the pistol on his person and concealed in a purposeful manner.

As to defendant's claim that there was not sufficient evidence produced on the trial to show that he did not possess a license to carry a gun, we look to the record and find that Mr. Robert Fisher, from the Wayne county clerk's office, testified that he had checked the records for the past 20 years and that up to and including July 22, 1968 he had found no record of a license having been issued to the defendant. The date of the offense was June 12, 1968. It is a familiar principle of appellate review that where there is any evidence to sustain the charge in the information, this Court will not attempt to weigh it or to see whether the court sitting without

a jury ought to have considered it "sufficient" to sustain the charge. *People* v. *Dolphus* (1966), 2 Mich App 229; *People* v. *Williams* (1966), 3 Mich App 272; *People* v. *Ritzema* (1966), 3 Mich App 637; *People* v. *Bennett* (1966), 3 Mich App 326.

Affirmed.