PEOPLE v THOMAS

1. WITNESSES—CRIMINAL LAW—ACCOMPLICES—PRIVILEGE AGAINST
SELF-INCRIMINATION—CROSS-EXAMINATION.

An accomplice, on cross-examination, may not invoke the privilege against self-incrimination about his involvement in the crime where on direct examination he has given testimony incriminating the defendant in a common criminal enterprise.

2. WITNESSES—CRIMINAL LAW—ACCOMPLICES—PRIVILEGE AGAINST
SELF-INCRIMINATION—EXAMINATION—CROSS-EXAMINATION.

An accomplice was properly allowed to assert the privilege against self-incrimination when questioned on cross-examination about her involvement in other criminal activity not related to the defendant's prosecution where no information concerning these other alleged criminal activities had been previously elicited on direct examination.

3. CRIMINAL LAW—WITNESSES—RIGHT TO CROSS-EXAMINE—IMPEACH-
MENT—PRIOR STATEMENTS—CREDIBILITY.

A defendant was not denied the right to cross-examine a witness who was allowed to assert her privilege against self-incrimination at a retrial where at the first trial she had testified to her involvement in other criminal activity; her statements from the first trial could have been used at the second trial to impeach her credibility had the defendant chosen to do so.

4. CRIMINAL LAW—WITNESSES—ACCOMPLICES—INSTRUCTIONS TO JURY
—PRESERVING QUESTION—CASE PRECEDENT—RETROACTIVITY.

The failure of a trial court to instruct a jury that an accomplice who testified against the defendant had pled guilty to a lesser included offense, where the defendant did not request such an instruction, cannot be considered on appeal where there is no showing of manifest injustice; a recent Supreme Court decision that in certain circumstances a trial judge may *sua sponte* give

REFERENCES FOR POINTS IN HEADNOTES

[1–4] 21 Am Jur 2d, Criminal Law § 11.
  29 Am Jur 2d, Evidence §§ 189, 638, 640.
[4] 53 Am Jur, Trial § 824.
[5] 46 Am Jur 2d, Judges §§ 169, 170, 203.

such instructions is not applicable to a case tried before that decision.

5. JUDGES—DISQUALIFICATION—BIAS—PREJUDICE—PRESERVING QUESTION.

  A challenge to the qualifications of a judge to preside at a trial because of claimed bias or prejudice must initially be raised prior to trial and will not be considered for the first time on appeal.

Appeal from Recorder's Court of Detroit, George T. Ryan, J. Submitted Division 1 June 24, 1974, at Detroit. (Docket No. 16319.) Decided September 10, 1974.

Herman Thomas was convicted of armed robbery and first-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*Gerald M. Lorence,* for defendant on appeal.

Before: BASHARA, P. J., and DANHOF and CHURCHILL,* JJ.

BASHARA, P. J. Defendant was found guilty by a jury of armed robbery, MCLA 750.529; MSA 28.797; and of first-degree murder, MCLA 750.316; MSA 28.548. He appeals his conviction which arose from a retrial after initial litigation on the same charges resulted in a hung jury.

The controversy in this appeal stems mainly from the testimony of a prosecution witness, Bev-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

erly Crawford, who was defendant's accomplice. Miss Crawford, prior to her testimony in both the first and second trials, pled guilty to attempted armed robbery. MCLA 750.529, MSA 28.797; MCLA 750.92; MSA 28.287. At defendant's first trial Miss Crawford allegedly admitted on cross-examination that she was a narcotics user and had participated in the "murphy game"[1]. At the second trial Miss Crawford refused to answer these same questions on cross-examination, standing on her right against self-incrimination.

It should be noted Miss Crawford did not waive her right to take the Fifth Amendment in the second trial after she testified in the first trial that she was a narcotics user and a "murphy game player". *People v DenUyl*, 318 Mich 645; 29 NW2d 284 (1947); *In re Neff*, 206 F2d 149 (CA 3, 1953).

Defendant asserts he was denied his right to cross-examine Miss Crawford as to her credibility, when the judge allowed her to assert the privilege against self-incrimination.

On cross-examination an accomplice cannot invoke the privilege against self-incrimination about her involvement in the crime where on direct examination she has given testimony incriminating defendant in a common criminal enterprise. *People v Mobley*, 390 Mich 57; 210 NW2d 327 (1973); *Foster v People*, 18 Mich 266 (1869). That principal however, is distinguishable from the case at bar. Miss Crawford did not invoke the privilege against self-incrimination in response to cross-examination concerning her involvement in the same criminal activity for which defendant was tried and convicted. Rather, she invoked the privi-

---

[1] For those who are uninformed, the "murphy game" is operated by an apparent prostitute who invites a prospective client to a room to engage in the prostitute's services. An accomplice then robs the client.

lege only in response to cross-examination concerning her involvement in other criminal activity not related to defendant's prosecution.

In these circumstances the privilege against self-incrimination was meaningfully asserted. The witness may have been forced to make incriminating admissions which could have been used against her in future prosecutions. No information concerning these other alleged criminal activities had been previously elicited on direct examination in this trial.

Although Miss Crawford properly invoked her Fifth Amendment rights at the retrial, her credibility could have been impeached by the use of prior statements made at the first trial. *Brown v United States,* 356 US 148; 78 S Ct 622; 2 L Ed 2d 589 (1958). The trial court expressly informed defense counsel he could impeach Miss Crawford's testimony concerning her narcotics use and the "murphy game" by reading her testimony in the first trial to the jury. Defense counsel declined to do this.

Defendant was therefore, not denied his right to cross-examine Miss Crawford when she was allowed to assert her privilege against self-incrimination.

Defendant also contends the trial court failed to instruct the jury to consider that Miss Crawford had been allowed to plead guilty to a lesser included offense. Defendant overlooks the fact that no request for any such instruction or objection to the trial court's instructions was made by defendant at trial. This assignment of error cannot be considered on appeal where there is no showing of manifest injustice. We find none here. *People v McPherson,* 38 Mich App 534; 197 NW2d 173 (1972).

It should be noted that the recent Michigan Supreme Court decision of *People v McCoy,* 392 Mich 231; 220 NW2d 456 (1974), held that in certain circumstances a trial judge *may sua sponte* give instructions of the type defendant would have liked. However, *McCoy, supra,* does not apply to cases tried before the release of that opinion.

The third issue is whether defendant was denied a fair trial by his counsel's failure to obtain a transcript of the previous trial in order to impeach Miss Crawford. It is alleged that Miss Crawford at first trial made inconsistent statements with those made at the second trial. Her statements from the first trial have not been submitted to this Court on appeal. Defendant's counsel merely asserts these inconsistencies. The only fact this Court is presented with is Miss Crawford testified on two separate occasions. This Court will not presume her testimony was inconsistent.

Defendant further alleges that the trial judge should have disqualified himself since he was prejudiced against defendant's cause, as he presided at the first trial. The rule is well established that in order to challenge the qualifications of a judge to preside at a trial, the claim of bias or prejudice must initially be raised prior to trial and will not be considered for the first time on appeal. *People v Miller,* 217 Mich 635; 187 NW 366 (1922); *People v Shanks,* 21 Mich App 227; 175 NW2d 331 (1970). Since the defendant did not make the objection at the proper time, he is precluded from doing so on appeal.

Defendant finally contends that he was denied a fair trial because of the acrimony that developed among defense counsel, the prosecutor, and the trial court. A review of the record indicates that the trial court showed admirable restraint and

does not indicate judicial or prosecutorial conduct which denied defendant a fair trial.

Affirmed.

All concurred.