PEOPLE v PAYNE

1. WITNESSES—CRIMINAL LAW—CO-CONSPIRATORS—CODEFENDANTS—
   SELF-INCRIMINATION.

   A co-conspirator who is not a codefendant and who becomes a
   witness for the prosecution may not be required to incriminate
   himself as to the commission of some other crime.

2. WITNESSES—CRIMINAL LAW—DEFENDANTS AS WITNESSES—WAIVER
   —SELF-INCRIMINATION.

   One who is on trial for a crime cannot be compelled to testify
   either on his own behalf or for the people; however, if he elects
   to do so he is held to have waived his constitutional right of
   refusing to answer any question material to the case, even
   though the answer tends to prove him guilty of some other
   crime than that for which he is on trial.

3. WITNESSES—SELF-INCRIMINATION—CRIMINAL LAW—CONSTITUTIONAL
   LAW.

   A witness who is not a codefendant, while he may turn state's
   evidence and become a voluntary witness on behalf of the state,
   is not thereby required to incriminate himself as to the com-
   mission of some other crime and he may assert his constitu-
   tional privilege against self-incrimination.

4. WITNESSES—CRIMINAL LAW—CODEFENDANTS—ACCOMPLICES—SELF-
   INCRIMINATION.

   A witness who is neither a codefendant nor an accomplice
   charged with any crime arising out of a delivery of LSD can
   testify as to the delivery of the LSD and refuse to testify as to
   any other event that would tend to incriminate him at the trial
   of another defendant charged with delivery of LSD.

5. WITNESSES—CRIMINAL LAW—RES GESTAE—APPEAL AND ERROR—
   HARMLESS ERROR.

   An incorrect ruling which in effect precluded witnesses from
   testifying at all as to the res gestae is not harmless error; the

REFERENCES FOR POINTS IN HEADNOTES
[1–4] 21 Am Jur 2d, Criminal Law § 349 et seq.
[5] 5 Am Jur 2d, Appeal and Error §§ 808, 809.

witnesses may have denied that a crime occurred, aiding the defense, thereby preventing a conclusion that the error was harmless beyond a reasonable doubt.

Appeal from Tuscola, James P. Churchill, J. Submitted December 8, 1975, at Lansing. (Docket No. 22800.) Decided February 26, 1976.

Joseph A. Payne was convicted of delivery of LSD. Defendant appeals. Reversed and remanded for a new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George Holmes,* Prosecuting Attorney (Prosecuting Attorneys Appellate Service, by *Lee W. Atkinson,* Assistant Attorney General), for the people.

*Gary J. Crews,* for defendant.

Before: McGREGOR, P. J., and T. M. BURNS and N. J. KAUFMAN, JJ.

PER CURIAM. On October 23, 1974, defendant was convicted by a jury of delivery of a controlled substance (LSD). MCLA 335.341; MSA 18.1070(41). He was sentenced to 1-1/2 to 7 years in prison. Defendant appeals as of right.

When the LSD was delivered by defendant, there were three other people present: Alvis Hicks, James Roblin and Rick LaPratt. Hicks purchased the controlled substance. LaPratt and Roblin were present when the sale was made. Prior to the LSD transaction, but on the same evening, it is alleged that Hicks purchased heroin from Roblin.

Roblin was indorsed and called as a witness at defendant's trial. After Roblin had answered some introductory questions, the prosecutor conferred with the trial judge. The prosecutor informed the

judge that Roblin had been charged in a separate information with an offense alleged to have occurred on the same evening as defendant's offense. The prosecutor further indicated that Roblin had been advised to exercise his right to refuse to testify. The judge then informed Roblin that if he chose to answer *any* questions concerning the events of that evening, he would have to answer *all* such questions. Defense counsel objected, arguing that because Roblin was neither a codefendant nor an accomplice, he could refuse to answer any questions he felt would tend to incriminate him, but that he could answer those which did not. The trial judge, however, ruled that Roblin's testimony as to any events of that evening would waive his right to refuse to testify to the remainder of the events. Roblin thereafter exercised his privilege to refuse to testify. A similar conflict arose as to LaPratt's testimony later in the trial with the same result. The question before us on this appeal, of course, deals with the propriety of the trial court's ruling on the exercise of the witness's Fifth Amendment rights.

*When res gestae witnesses who are neither codefendants nor charged accomplices testify as to events surrounding a crime do they thereby waive the right to refuse to testify as to other events surrounding the crime on the grounds that their answers may incriminate them?*

A co-conspirator who is not a codefendant and who becomes a witness for the prosecution may not be required to incriminate himself as to the commission of some other crime. In *People v Robinson,* 306 Mich 167, 176; 10 NW2d 817 (1943), the Court stated that:

"One who is on trial for a crime cannot be compelled

to testify, either on his own behalf or for the people. However, if he elects to do so, he is held to have waived his constitutional right of refusing to answer any question material to the case, even though the answer tends to prove him guilty of some other crime than that for which he is on trial. [Citations omitted] But one who is not a codefendant, while he may turn State's evidence and become a voluntary witness on behalf of the State, is not thereby required to incriminate himself as to the commission of some other crime and he may assert his constitutional privilege."[1]

In the case at bar the witnesses were not charged with any crime arising out of the delivery of the LSD. They were neither codefendants nor charged accomplices. They could have testified as to the delivery of LSD and refused to testify as to any other event that occurred that evening that tended to incriminate them.

The remaining question is whether the incorrect ruling constituted reversible error. Because the ruling in effect precluded the witnesses from testifying at all as to the res gestae, we cannot say that the error was harmless. They may well have denied that a crime occurred, aiding the defense. This potential harm prevents us from concluding that the error was harmless beyond a reasonable doubt.

Defendant's conviction is reversed and this cause is remanded for a new trial consistent with this opinion.

---

[1] *See also People v Roxborough,* 307 Mich 575; 12 NW2d 466 (1943), *People v Thomas,* 55 Mich App 368; 222 NW2d 320 (1974), *People v Robert Hall,* 56 Mich App 10; 223 NW2d 340 (1974).