PEOPLE *v.* GOLLMAN.

1. CRIMINAL LAW—INTENT—QUESTION OF FACT.
   Criminal intent is a question of fact to be inferred from all the facts and circumstances disclosed by the testimony.

2. SAME—NONJURY TRIAL—EVIDENCE.
   Conviction of defendant of larceny in a building, by trial judge sitting without a jury, is affirmed, where there is competent and sufficient testimony in the record to overcome the presumption of innocence by evidence establishing defendant's guilt beyond a reasonable doubt (CL 1948, § 750.360).

3. SAME — ADMISSIBILITY OF CONFESSION — OBJECTION — VOLUNTARY STATEMENT.
   Admission of testimony of peace officer that defendant admitted taking the property alleged to have been stolen *held,* not error, where no objection was made to the admission of the evidence, and the record contains no evidence that the defendant's statement to the officer was not freely and voluntarily given.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 81.
[2] 4 Am Jur 2d, Appeal and Error § 159; 5 Am Jur 2d, Appeal and Error §§ 839, 867, 883.
[3] 20 Am Jur, Evidence § 480 *et seq.*

Appeal from Recorder's Court; Groat (Gerald W.), J. Submitted Division 1 February 9, 1966, at Detroit. (Docket No. 1,081.) Decided June 14, 1966.

Rudolph Gregory Gollman was convicted of larceny in a building. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Samuel H. Olsen,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*Talbot M. Smith,* for defendant.

J. H. GILLIS, P. J. The following opinion, which I adopt as my own, was written by the late Judge WATTS:

This is an appeal from the recorder's court of Detroit. The people complain against the defendant on 2 counts: (1) breaking and entering under CL 1948, §§ 750.110 and 750.111, as amended by PA 1964, No 133 (Stat Ann 1965 Cum Supp §§ 28.305 and 28.306); and (2) larceny in a building under CL 1948, § 750.360 (Stat Ann 1954 Rev § 28.592). After the taking of testimony, the court, sitting without a jury, found the defendant guilty on the second count: namely, larency in a building.

On January 26, 1965, the complainant, Ora Franklin, reported to the police that some time during the period between January 23, 1965, and January 25, 1965, her apartment was broken into and certain articles were stolen. Among the articles taken were a television set, a record player, a fur coat, and other pieces of furniture and clothing.

Mrs. Ruth Robinson, caretaker of the building in which the complainant had a basement apartment, testified that on Sunday, January 24, 1965, she saw defendant Gollman leaving from a side door of the apartment house, carrying some clothes. She testified further that she had called to him and that he had turned around and kept going across the street. She also testified that the door from which she saw defendant leave carrying the clothes led to the basement. On the record, she fixed the time of this incident as between 5 and 6:30 in the afternoon.

A tenant of the building, Mamie Franklin, testified that on Sunday, January 24, 1965, she had seen 2 men drive up in a station wagon to the apartment building. She testified that she had seen the men enter the basement door and carry out a television and a hi-fi set which they hurriedly loaded into the station wagon. Mamie Franklin identified defendant Gollman in court as one of the two men. She also identified the hi-fi and the television as those she had seen.

Witness Jessie Winston stated that on January 24, 1965, defendant Gollman came to him and asked him to store a box of articles, a fur coat, and 2 tables. All of these things were later identified by the complainant as belonging to her.

The defendant's sister, Ann Wolford, testified that at some time, perhaps a week or two prior to January 24, 1965, she had spoken with her brother who told her that he was moving and asked her to store some of his things. She further testified that on January 24, 1965, a television and a "combination" had been brought to her home. The complainant identified the property as belonging to her.

Albert Barbeito, a Detroit police officer, appeared as a witness in behalf of the people and testified in part as follows:

"*Q.* Was any of this property subsequently identified by the complainant?

"*A.* Yes, I had the complainant into the station and she identified not only the items that I took from 1600 Seward [witness Jessie Winston's address] but the TV and the record player that was taken from his sister's house.

"*Q.* Now, did you have any further conversation with the defendant?

"*A.* I interrogated the man and he denied that he had ever broken into the house and said that he had not stolen any property.

"*Q.* Could he explain his possession of the television?

"*A.* No.

"*Q.* And the radio?

"*A.* No, not till a couple days later after he was arraigned. He said there was somebody else with him but he wouldn't say who it was.

"*Q.* Did he say whether or not he took this from this apartment?

"*A.* He admitted later on that he had taken it."

The following issues were raised on appeal:

1. Does the record substantiate the trial court's verdict of guilty?

2. Was the trial court in error in permitting a police officer to testify that the defendant admitted taking the alleged stolen property when no objection was made by counsel for the defendant?

It has long been the law in the State of Michigan that criminal intent is a question of fact to be inferred from all the facts and circumstances disclosed by the testimony. *People* v. *Griffin* (1889), 77 Mich 585. In the instant case, there is competent and sufficient testimony to overcome the presumption of innocence by evidence establishing defendant's guilt beyond a reasonable doubt of the crime of larceny from a building of personal property valued in ex-

cess of $300. *People* v. *Dolphus* (1966), 2 Mich App 229; *People* v. *Geddes* (1942), 301 Mich 258.

On direct examination, the officer in charge of the case testified that the defendant admitted taking the alleged stolen property. No objection was made by counsel for the defendant either to the question or the answer. Counsel for the defendant informed the court, "No questions, Your Honor." The witness was then excused.

There is no evidence in the record that the alleged statement made by the defendant to the officer in charge of the case was not freely and voluntarily given. The record clearly indicates that the defendant had a fair trial and that his constitutional rights were not violated at any time during the trial. It was not error on the part of the court in admitting the police officer's testimony when no objection was made by counsel for the defendant, and the record does not indicate that the admission by the defendant was involuntarily made.

Affirmed.

J. H. GILLIS, P. J., and FITZGERALD, J., concurred.