**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Ronald FOX, a/k/a Ronald Wroblewski, Joseph G. Vajner and Ulysses C. Gill, Defendants-Appellants.**

**Nos. 17174, 17175.**

United States Court of Appeals, Seventh Circuit.

Jan. 18, 1971.

Rehearing Denied March 10, 1971.

**734**

Martin H. Kinney, Jack W. Lund, Gary, Ind., for defendants-appellants.

William C. Lee, U. S. Atty., John R. Wilks, Asst. U. S. Atty., Fort Wayne, Ind., for plaintiff-appellee.

Before KILEY and CUMMINGS, Circuit Judges, and CAMPBELL, Senior District Judge.[1]

CUMMINGS, Circuit Judge.

The three defendants were convicted of various narcotics violations occurring in Indiana. Count I of the indictment charged them with conspiring from May 24 to July 10, 1967, to transfer heroin and marijuana illegally in violation of Section 371 of the Criminal Code (18 U. S.C. § 371). They were also charged in Count II with transferring about 293 grams of marijuana on June 7, 1967, in violation of 26 U.S.C. § 4742(a).

Count IV charged that Fox and Vajner sold heroin to Narcotics Agent Charles Hill on June 13, 1967, in violation of 26 U.S.C. § 4705(a). Count V charged that on the same date they transferred 222 grams of marijuana in violation of 26 U.S.C. § 4742(a), and, finally, Count VI charged that they transferred about 106 grams of marijuana on July 10, 1967, in violation of the same provision. After a bench trial the three defendants were found guilty under Counts I and II, and Fox and Vajner were found guilty under Counts IV, V,

and VI. Concurrent sentences were imposed.[2]

At the bench trial, defendants successfully moved under the Jencks Act (18 U.S.C. § 3500) for the production of Agent Hill's May 24, 1967, report of his May 19th activities. In accordance with paragraph (c) of that Act, before delivering the report to defense counsel, the Assistant United States Attorney requested the court to examine it *in camera* because "there may be some extraneous matters in this report that are not necessarily related to this particular case." After the *in camera* examination, the court stated that there was some extraneous matter in the report but ordered it delivered to defense counsel without deletions. The Government furnished the report to us after the oral argument.

Defendants assert that the damaging nature of the report prejudiced the trial court against them. In particular, defendants contend that the report, which was never admitted into evidence, must have convinced the district court that the Government had reasonable grounds to believe that the defendants were engaged in illicit activities prior to Hill's May 19, 1967, visit to the Club Del Rio in East Chicago, Indiana.

Defendants recognize that in a bench trial, the court is deemed to have considered only admissible and relevant material (United States v. Krol, 374 F. 2d 776, 779 (7th Cir. 1967)), at least absent a showing of substantive prejudice. United States v. Oliver, 363 F.2d 15, 19 (7th Cir. 1966), certiorari denied, 385 U.S. 904, 87 S.Ct. 216, 17 L.Ed.2d 135. In an attempt to show such prejudice, defendants have seized upon the following statement of the district court:

"I frankly have seen no evidence of entrapment here so far. The Govern-

1. Senior District Judge Campbell of the United States District Court for the Northern District of Illinois is sitting by designation.

2. Because of United States v. Covington, 395 U.S. 57, 89 S.Ct. 1559, 23 L.Ed.2d

94, on July 17, 1969, we reversed the convictions of the three defendants on Count III and those of Fox and Vajner on Count VII, and the indictments were dismissed *pro tanto*.

ment had information from a source which they were checking out that marijuana and narcotics were available at this particular establishment [Club Del Rio]. They went there to investigate and were readily informed that it was available."

Defendants assert that this passage shows that the trial judge used the May 24, 1967, report of Agent Hill in deciding that the Government had reasonable grounds to believe they were engaged in illicit activities prior to the intervention of the government agents. However, our study of the evidence shows that the trial judge had ample independent evidence before him to support the foregoing statement. Agent Hill testified that prior to going to the Club Del Rio on May 19, 1967, he and Agent Cruz had conferred with "Babe," the informer, in Gary, Indiana, before proceeding to the Club Del Rio. The informer told them that he had met defendant Vajner previously, evidently at the Club Del Rio. Hill stated that government agents would not have attempted to purchase narcotics from the defendants without having "information that a person is engaged in the illicit trafficking of drugs and marijuana." Hill obtained his "first knowledge" of the Club Del Rio through the informer before accompanying him there twice on May 19. Beforehand, the informer had told Hill that the informer "had met a person named Joe [defendant Vajner] who was a bartender at the Club Del Rio, and Joe had stated he could get him [the informer] heroin and marijuana." Defendant Vajner testified that Babe, the informer, had been in his Club several times before May 19. On May 18, Vajner stated that he told the informer he "would try to find somebody" from whom Babe could obtain marijuana.

■ In view of this testimony, it cannot be said that the district court relied on extraneous matters in concluding that the government agents had reasonable grounds to believe that marijuana and narcotics were available at the Club Del Rio. Moreover, Agent Hill's May 24th report contains no information about the Club Del Rio that was not contained in his or Vajner's testimony. Accordingly, we reject defendants' contention that the trial judge considered inadmissible evidence, causing defendants substantial prejudice, before he concluded that the Government had reasonable grounds to suspect illegal conduct at the Club Del Rio.

■ Defendants next assert that they were entitled to acquittal on the ground of entrapment at the close of the Government's case and on the evidence as a whole. As shown above, prior to the May 19th visit to the Club Del Rio, the Government had reasonable grounds to believe that narcotics were available there through Vajner. Therefore it was permissible for Agent Hill to give Vajner the opportunity to commit a crime. Heath v. United States, 169 F.2d 1007, 1010 (10th Cir. 1948); United States v. De Vore, 423 F.2d 1069, 1071 (4th Cir. 1970). Vajner's predisposition was already known, and it was he, not Hill, who involved Fox and Gill. In the circumstances of this case, the district court correctly overruled the defense of entrapment as to all three appellants.

■ On cross-examination of Agent Hill, Gill's counsel asked:

"As a matter of fact, any plan of conspiracy or agreement which did in fact come about, or so-called conspiracy I should say, wouldn't you say it occurred directly as the result of your motivating, influencing force, your presence on that day [June 7th]?"

Because of the form in which the question was stated, the trial judge sustained an objection and defense counsel never attempted to rephrase the question. This evidentiary ruling of the trial judge was well within his discretion to exclude a witness' "subjective feelings and conclusions." Boomer v. New York Central Railroad Company,

409 F.2d 382 (7th Cir. 1969).[3] The question called for a speculative conclusion which the witness was not competent to make. Hill's answer to the above question could not be "rationally based on the perception of the witness," so that his opinion would not be admissible even under liberal standards. See McCormick on Evidence, § 11 (1954); Rule 7–01, Preliminary Draft of Proposed Rules of Evidence for the United States District Courts and Magistrates (March 1969). Certainly Hill could not know whether the conspiracy "occurred directly as the result of" his "motivating, influencing force" and "presence". Only the three defendants would know that. They took the stand and gave their version of the June 7th events, so that they were not truly prejudiced by the refusal to permit Hill to answer. He had already testified that other than on June 7th, he had no knowledge of any conspiracy.

 Finally, defendants argue that, at least as to Gill, no conspiracy was established. In his closing argument below, however, Gill's counsel conceded "there was participation by these three gentlemen [Gill, Fox and Vajner]." The Government proved that on June 7th Gill transferred a package of 2.336 grams of marijuana to Hill and later that day accepted $100 from Hill for a package of about 293 grams of marijuana. These two overt conspiratorial acts were pursuant to Vajner's insistence that Hill purchase the narcotics through Gill. Moreover, Hill testified that Gill told Hill that he'd have to give the marijuana money to Gill. There is abundant testimony that Vajner agreed to obtain narcotics for Hill through Fox and that on June 7th Fox and Vajner dealt with Hill through Gill. It was unnecessary for the Government to prove that all three defendants handled the drugs, nor was direct evidence of the conspiracy required. Lacaze v. United States,

391 F.2d 516, 519 (5th Cir. 1968). Here each defendant's participation was sufficiently shown to support the court's inference of a conspiracy among all.

Affirmed.

---

3. Even in United States v. Petrone, 185 F.2d 334, 336 (2d Cir. 1950) (per curiam), on which defendants principally rely, the exclusion of impressions was treated as "one of discretion * * * as wise admonitions for the general conduct of the trial."