DAVID A. VEDRON *v*. STATE OF INDIANA.

[No. 3-274A23. Filed January 16, 1975. Rehearing denied March 19, 1975.]

*Cohen and Thiros,* of Gary, *Donald P. Levinson,* of counsel, of Gary, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

HOFFMAN, J.—Defendant-appellant David A. Vedron (Vedron) was convicted by a jury as an accessory before the fact to rape, and was sentenced to be imprisoned for an indeterminate period of two to 21 years. Subsequent to the overruling of appellant's motion to correct errors, he perfected this appeal.

Vedron's first contentions on appeal concern several statements made by the trial judge in the presence of the jury which he asserts were improper and prejudicial to him.

It has been held that it is the duty of the trial judge to preside at a hearing in an impartial manner and to refrain from doing any act or making any unnecessary comment which might cause prejudice to a defendant, or which is calculated to influence the minds of the jurors against a defendant. *Watts* v. *State* (1950), 229 Ind. 80, 108, 95 N.E.2d 570, 582. Therefore, the statements of the trial judge to which appellant objects will be examined to determine if appellant has demonstrated that they operated to influence the jury against him, or otherwise prejudiced him. *Dombkowski* v. *State* (1967), 249 Ind. 32, 230 N.E.2d 602.

The first allegedly prejudicial remark by the trial judge to which the defendant has directed this court's attention occurred as the prosecutrix commenced her testimony about the act of rape itself. At this point, the trial judge intervened as follows:

"THE COURT: Wait—just take your time. Nobody is going to harm you here. Tell it as you remember it. All the people here understand, so try not to be embarrassed, okay?"

Appellant contends that through this statement the trial judge indicated to the jury that he had decided that the prosecutrix had, in fact, been harmed. The appellant also asserts that this remark had the further effect of "inviting the jury to react in a parental fashion towards the girl."

In our opinion, the trial judge acted fairly and compassionately in making this statement to attempt to put this young girl at ease before she began to describe such an intimate and traumatic event before a courtroom crowded with strangers. Furthermore, appellant's reading of the trial judge's statement rests upon such subtle innuendos that it cannot be said that there is any substantial probability that the jury drew the same conclusions from this brief statement in the course of the trial that appellant has after his undoubtedly thorough consideration of it.

A second statement by the trial judge which appellant questions on appeal occurred during the cross-examination of appellant by the prosecutor. In response to a question by the trial court, the appellant had described the amount of alcoholic beverages purchased for the prosecutrix by his companion and consumed by her as a "pint or a half-pint." The prosecutor then sought to clarify such amount by relating the amount of alcohol in pint and half-pint bottles to the size of the container from which the prosecutrix had been drinking according to appellant's testimony. The preliminary question asked of appellant by the prosecutor in this regard sought the number of fluid ounces in a half-pint. When appellant's trial counsel objected that "he [appellant] is not an expert," the trial judge overruled such objection, stating:

"If he can tell. He has been in bars enough, I think."

Appellant then correctly answered the pending question.

While this response by the trial judge to the informal objection made by appellant's trial counsel could have been more delicately phrased, the remark was nevertheless harmless. At the time this remark was made, appellant had testified that on the day in question he had consumed "[a]pproxi-

mately three to four glasses of beer; draft beer", that additionally he had consumed two cans of beer at the scene of the rape, that he had had drinks there "[m]any a time", and that he visited the "Sumarita Bar" and another tavern on the evening in question. Then, following the inquiry by the prosecutor on cross-examination, appellant's trial counsel asserted that he could not be expected to know the number of fluid ounces in a half-pint. The trial judge responded that appellant could answer if he knew, and indicated that it was likely that appellant did know by reason of his self-announced imbibatory experience. However, in view of such testimony by the appellant, the statement now under consideration cannot be considered to have been prejudicial to him. Furthermore, it was within the province of the jury to believe or disbelieve this comment, and such province was not invaded by the court. *Smith* v. *State* (1969), 252 Ind. 425, 249 N.E.2d 493. Moreover, appellant failed to take the necessary steps at trial to preserve this issue. *Dombkowski* v. *State, supra.*

A third statement by the trial judge which appellant assigns as error on appeal occurred as the court sustained an objection by the prosecutor to the subject-matter of a question asked of appellant by his counsel on redirect examination. Such statement arose in the following context:

"Q How long have you known Gary Wilke?
"A Off and on since about 1964.
"Q So now that would be approximately nine years, then it was about eight years, is that right?
"A Right.
"Q What kind of relationship did you have with him?
"MR. BRENNAN: Objection.
"THE COURT: I will sustain that objection. I think we have covered Gary Wilke and it has not been covered in cross examination. I see no purpose for it now. I think you have already gone into Gary Wilke's relationship with this man, whatever it was.
"MR. SMITH: Okay."

Appellant asserts that in sustaining the objection the trial judge was "casting aspersions upon the relationship" by use

of the words "whatever it was." The contention is without merit. The trial judge correctly stated that the question objected to was improper redirect examination, and that its subject-matter was irrelevant.

Thus, there is no prejudice to appellant discernable in any of the statements considered hereinabove. Furthermore, this court has held that such assertions of error must be presented to the trial court through objections or other steps necessary to ensure a fair trial to preserve them for appeal. *Hauk* v. *State* (1974), 160 Ind. App. 390, 312 N.E.2d 92. Appellant has not fulfilled this obligation as to any of these contentions.

Appellant next contends that the trial judge abused his discretion in failing to exclude, on his own motion, certain hearsay testimony by one witness, and certain opinion testimony by a physician, where his trial counsel failed to object to such testimony. A similar contention was addressed by our Supreme Court in *Thomas* v. *State* (1967), 249 Ind. 271, 230 N.E.2d 303. Therein, at 277 of 249 Ind., at 306 of 230 N.E.2d, the court stated:

> "The first move on the part of appellant was to seek a mistrial. A mistrial was sought after appellant had sat idly by and failed to make an objection. In *Dull* v. *State* (1962), 242 Ind. 633, 180 N.E.2d 523, this court said:
>
> > '... A party may not sit idly by and make no objections to matters he might consider prejudicial, awaiting the outcome of a trial, and thereafter raise such question for the first time.'
>
> See also *Gamble* v. *Lewis* (1949), 227 Ind. 455, 85 N.E.2d 629, *Kern* v. *Bridwell* (1889), 119 Ind. 226, 21 N.E. 664. Both of these cases are quoted with authority in *Dull* v. *State, supra,* and the whole matter was probably succinctly put by this Court in *Gamble* v. *Lewis, supra,* in this:
>
> > '... We cannot permit litigants to gamble on the possibility of a favorable verdict, ....'"
>
> See also:
>
> *Maynard* v. *State* (1973), 158 Ind. App. 260, 302 N.E.2d 520.

In the case at bar, appellant made no timely objection to such testimony and failed to move for a mistrial. Thus, these contentions are unavailing to appellant.

The final contention made by appellant is that the trial judge improperly interrogated a juror as to possible prejudice when such juror revealed certain facts to the court. Such disclosure and inquiry proceeded as follows:

"THE COURT: Are you all right?

"MEMBER OF JURY (JUROR NUMBER TWO): Yes, I would like to talk to George just one second—there's a reason for this, Your Honor.

(Juror speaks to jury bailiff.)

"THE COURT: I don't think we can. Why don't you take your place and I think I will ask you questions. It is my understanding that you know this girl.

"JUROR: I wasn't aware who it was due to the fact the name. Her grandmother baby sat for us for years and her mother is remarried.

"THE COURT: You can still be a fair impartial juror, can you not?

"JUROR: Yes. I just wanted you to know.

"THE COURT: All right.

"JUROR: I didn't realize until she walked in.

"THE COURT: Thank you for the information. There is no objection here is there?

"MR. SMITH: May I speak with my client? (Confers with defendant at counsel table.)

"MR. SMITH: This won't make any difference in any decision you make?

"JUROR: No.

"MR. SMITH: Because you know the grandmother? You will still decide this on what you hear in court?

"JUROR: My very best.

"MR. SMITH: Will you believe her more now that you know who she is than you would have if you hadn't?

"JUROR: A little hard to say.

"THE COURT: Well, you will give this matter just the same consideration had this girl not been known to you, correct, sir?

"JUROR: Right. I will do my very best. Your Honor.

"THE COURT: All right, we can proceed."

It is to be noted that in this instance the trial judge not only inquired of the juror as to the existence of any prejudice, but also permitted appellant's counsel to interrogate the juror with regard to possible prejudice. Furthermore, when the trial judge inquired if appellant had any objection he voiced none in or out of the presence of the jury, and failed to move for a mistrial.

Nevertheless, on appeal appellant asserts that the verbal exchange last quoted hereinabove "affirmatively demonstrates the trial Judge's unwillingness to afford the defendant with [sic] a fair trial." Inasmuch as appellant failed to object to such allegedly prejudicial events at trial, and acquiesced in the continuation of the trial thereafter, he cannot challenge the propriety of such events after an unfavorable verdict. *Thomas* v. *State, supra; Hauk* v. *State, supra; Maynard* v. *State, supra.* Moreover, appellant has demonstrated no prejudice to his cause by reason of the comments now under consideration, nor do we believe that such prejudice was occasioned by these remarks. The record reflects that both the trial judge and appellant's counsel probed the mind of the juror for traces of bias, and that none was revealed. It cannot be said that the trial judge acted improperly in this instance.

No reversible error having been shown by appellant, the judgment of the trial court herein must be affirmed.

Affirmed.

Staton, P.J. and Garrard, J., concur.