ROGER STEIN v. STATE OF INDIANA.

[No. 3-1274A195. Filed September 25, 1975. Rehearing denied November 17, 1975. Transfer denied January 27, 1976.]

*Roy S. Dale, Dale & Cowen* of Fort Wayne, for the appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

HOFFMAN, J.—Defendant-appellant Roger Stein was convicted of the crime of assault and battery[1] following a trial before the court. His motion to correct errors was overruled, and he perfected this appeal.

Stein's first contention on appeal is that he was denied a fair trial by the failure of the trial judge to disqualify himself because the judge had obtained prejudicial information prior to trial.

As to this issue, the record reveals that the dissemination of the allegedly prejudicial information to the trial judge was

---

1. IC 1971, 35-1-54-4, Ind. Ann. Stat. § 10-403 (Burns Supp. 1974).

occasioned by appellant and a friend. The communication at issue, which occurred on the morning of appellant's trial, consisted of an exhortation of leniency by appellant's friend in appellant's presence.

Subsequent to such communication, appellant was convicted and sentenced by the same judge who had received it. In his motion to correct errors, Stein asserts that the trial judge should have disqualified himself.

Our Supreme Court has held that a trial judge has the discretionary power to disqualify himself *sua sponte* whenever the existence of any semblance of judicial bias or impropriety in a proceeding in his court comes to his attention. See: *State ex rel. Mosshammer* v. *Allen Sup. Ct.* (1965), 246 Ind. 366, 206 N.E.2d 139; *Joyce et al.* v. *Whitney et al.* (1877), 57 Ind. 550. Additionally, where a judge has an actual prejudice in reference to a cause, or is interested in the litigation or related to a party, justice requires that he refuse to hear such cause. *State ex rel. Mosshammer* v. *Allen Sup. Ct., supra; Tokash* v. *State* (1953), 232 Ind. 668, 115 N.E.2d 745; *State ex rel. Purcell* v. *Circuit Court* (1950), 228 Ind. 410, 92 N.E.2d 843; *State ex rel. Parker* v. *Vosloh, Judge* (1944), 222 Ind. 518, 54 N.E.2d 650; *Joyce et al.* v. *Whitney et al., supra; Folger* v. *Barnard* (1919), 73 Ind. App. 523, 125 N.E. 460 (transfer denied).

While the facts outlined hereinabove would be a sufficient basis for a discretionary self-disqualification by a trial judge, it cannot be said that the record before us contains any objective evidence of actual prejudice by the trial judge so as to require his disqualification to ensure a fair trial.

Furthermore, the facts relied upon by Stein in alleging judicial prejudice were known to him prior to the trial of this cause. If the prejudice alleged by appellant existed, he could have obtained a change of venue from the trial judge at such

time under the following provisions of Ind. Rules of Procedure, Criminal Rule 12:

"An application for a change of judge or change of venue from the county shall be filed within ten [10] days after a plea of not guilty, or if a date less than ten [10] days from the date of said plea, the case is set for trial, the application shall be filed within five [5] days after setting the case for trial. Provided, that where a cause is remanded for a new trial by the Supreme Court, such application must be filed not later than ten [10] days after the party has knowledge that the cause is ready to be set for trial.

"Provided, however, that if the applicant first obtains knowledge of the cause for change of venue from the judge or from the county after the time above limited, he may file the application, which shall be verified by the party himself specifically alleging when the cause was first discovered, how it was discovered, the facts showing the cause for a change, and why such cause could not have been discovered before by the exercise of due diligence."

A litigant cannot be allowed to gamble on the possibility of a favorable verdict by sitting idly by, making no objection to matters he considers prejudicial, and then attempting to assert such matters as error after an unfavorable disposition of his cause. *Vedron* v. *State* (1975), 163 Ind. App. 28, 321 N.E.2d 847. In the case at bar, appellant failed to move for a change of judge at a time when the alleged prejudice was known to him and when any possible harm to himself could have been avoided. He chose instead to proceed to trial and, having received an unfavorable judgment, cannot now avail himself of this alleged error. Cf: *People* v. *Thomas* (1974), 55 Mich. App. 368, 222 N.W.2d 320; *Baker* v. *State* (1974), 52 Ala. App. 699, 296 So.2d 794; *Williams & Manseth Ins. Brokers, Inc.* v. *Chapple* (1974), 11 Wash. App. 623, 524 P.2d 431; *Commonwealth* v. *Fields* (1974), 231 Pa. S. 238, 331 A.2d 494; *People* v. *Johnson* (1974), 24 Ill. App. 3d 152, 320 N.E.2d 69.

Stein also questions the sufficiency of the evidence adduced at trial to support his conviction. When questions regarding

the sufficiency of the evidence to support a conviction are raised on appeal, this court will only consider the evidence most favorable to appellee State together with all reasonable inferences to be drawn therefrom. We will neither weigh the evidence nor determine the credibility of witnesses. *Freeman* v. *State* (1975), 163 Ind. App. 650, 325 N.E.2d 485.

The statements of fact and reasonable inferences therefrom most favorable to the State in the record of this cause establish that on the evening of September 1, 1973, Stein was present at the emergency room of Lutheran Hospital in Fort Wayne, Indiana, with a girlfriend. Stein was intoxicated at this time.

The girl had received a minor injury earlier in the evening, and Stein had brought her to the hospital for an x-ray examination. Thereafter, they became angry about their "non-treatment" by employees of the hospital, and exited the emergency room through doors opening onto a driveway used by ambulances. As they proceeded away from the hospital, they passed a small enclosure which was used by hospital security guards. Upon seeing a security guard in or near this enclosure, Stein directed a racially derogatory remark to him. After proceeding on a short distance toward his auto, Stein announced his intention to confront the guard and "kick that black s .. of a b ....'s a ..." Stein then ran toward the guard, threw a punch which missed its mark, and bit the guard on his right hand, breaking several bones and tearing ligaments in his hand.

IC 1971, 35-1-54-4, Ind. Ann. Stat. § 10-403 (Burns Supp. 1974), provides, in pertinent part:

> "Assault and battery.—Whoever in a rude, insolent or angry manner, unlawfully touches another, is guilty of an assault and battery, and on conviction, shall be fined not more than one thousand dollars [$1,000], to which may be added imprisonment in the county jail not exceeding six [6] months: ***."

The evidence in the record before us most favorable to the State establishes that Stein intentionally attacked the hospital security guard without provocation or justification, and bit him. Such evidence is sufficient to sustain appellant's conviction. *Birtsas* v. *State* (1973), 156 Ind. App. 587, 297 N.E.2d 864; *Justice* v. *State* (1973), 156 Ind. App. 411, 296 N.E.2d 916 (transfer denied).

The final contention made by appellant is that the trial court erred in sustaining an objection to a question propounded by his attorney during the cross-examination of the security guard who participated in the affray. The question, objection, and ruling of the court now at issue were as follows:

> "Q. Isn't it a fact, Mr. Storey, that the reason that the girl was pulling on you was that you were pounding this individual on the ground and that the girl was afraid that you might kill him and she was trying to restrain you from hurting him any further? Isn't that a fact?
>
> "MR. JONES: Objection, Judge. We have no way of knowing . . . there's no need to know what was in this woman's mind.
>
> "COURT: Sustained."

The question quoted above sought a conclusion of the witness as to the beliefs and feelings of appellant's girlfriend during the incident. The trial court properly excluded such testimony. *U.S.* v. *Fox* (1971), 437 F.2d 733, *cert. denied, Gill* v. *U.S.,* 91 S.Ct. 2198, 402 U.S. 1011, 29 L.Ed.2d 434; *Randolph* v. *State* (1954), 234 Ind. 57, 122 N.E.2d 860, *cert. denied,* 76 S.Ct. 145, 350 U.S. 889, 100 L.Ed. 783.

No reversible error having been shown, the judgment of conviction of the trial court must be affirmed.

Affirmed.

Staton, P.J. and Garrard, J., concur.

NOTE.—Reported at 334 N.E.2d 698.