Martin L. BROWN, Appellant,

v.

STATE of Indiana, Appellee.

No. 51S00–8805–CR–465.

Supreme Court of Indiana.

Nov. 28, 1990.

Susan K. Carpenter, Public Defender, Teresa D. Harper, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Attempted Murder, a Class A felony and Resisting Law Enforcement, a Class D felony. Appellant was sentenced to terms of thirty (30) years and two (2) years to be served concurrently.

The facts are: On October 24, 1986, Nyle Jenkins completed a transaction at the Marengo State Bank in Carefree, Indiana. Upon completing his transaction, he was exiting the bank and noticed a well-dressed man coming into the bank wearing white gloves. Jenkins suspected that the man was a bank robber and observed four vehicles in the bank parking lot. He knew to whom three of the four vehicles belonged and took notice of the model of the fourth vehicle. After the robbery, Jenkins was contacted by the police.

Shortly after the robbery, police set up road blocks in the area. Officer Danny Smith of the Martin County Sheriff's Department was on duty at the time and in a squad car at the junction of State Road 550 and U.S. 50. Approximately one hour later Officer Smith observed a vehicle which closely matched the description of the vehicle involved in the robbery. Officer Smith then followed the vehicle, turned on his red lights, and stopped the vehicle. As Officer Smith approached the vehicle, appellant pulled out a gun and stated to Officer Smith, "Let me have your gun." About the time Officer Smith was ready to hand over his gun, he spun around and dove to the pavement behind appellant's vehicle. Appellant immediately fired six shots at Officer Smith. The bullets hit Officer Smith's vehicle. One bullet struck the vehicle within one foot of the officer's head. Following the shooting, appellant sped off and was apprehended later by police.

Appellant first contends there was insufficient evidence to support the conviction of attempted murder.

In addressing the issue of sufficiency of evidence, we will affirm the conviction if, considering only the probative evidence and reasonable inferences supporting the verdict without weighing evidence or assessing witness credibility, a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt. *Butler v. State* (1989), Ind., 547 N.E.2d 270.

■ Appellant admits there is no dispute that he fired six shots after he was stopped by Officer Smith. However, he contends the only dispute is his intent when the six shots were fired. The requisite intent for attempted murder may be inferred from the use of a deadly weapon in a manner likely to cause death or great bodily harm. *Jones v. State* (1989), Ind., 536 N.E.2d 490. Thus, intent may be inferred from the facts and circumstances surrounding the crime. *Norman v. State* (1989), Ind., 539 N.E.2d 937.

It is appellant's argument that his intent was to scare the officer and to disable the police vehicle, not to hit the officer, and this is what he testified to at trial. However, a trier of fact is free to believe whomever it chooses in fulfilling its fact-finding function. *McBrady v. State* (1984), Ind., 459 N.E.2d 719. It is clear from the record that the trier of fact had ample evidence from which to conclude that appellant did not want to be apprehended so he used his gun in a manner reasonably calculated to cause severe injury or death. It was for the jury to weigh the evidence and to believe or disbelieve the evidence presented. We cannot say that the jury improperly found the element of intent. We find no error.

■ Appellant contends the trial court erred by denying his motion for change of venue based upon publicity surrounding the crime.

Appellant moved for a change of venue alleging that he could not receive a fair trial in Martin County due to the substantial publicity surrounding his arrest. The trial court overruled his motion.

■ A trial court's denial of a motion for change of venue is reviewed only for abuse of trial court discretion. *Daniels v. State* (1983), Ind., 453 N.E.2d 160. The trial court must balance the rights of the news media, the defendant, and the citizens as it determines the right to a change of venue. *Id.* In addition to showing evidence of pretrial publicity sufficient to create community bias or prejudice, the appellant also must establish that the potential jurors were unable to set aside their preconceived notions of guilt and render a verdict based upon the evidence. *Lindsey v. State* (1985), Ind, 485 N.E.2d 71. In addition, there is a presumption that the juror's *voir dire* is truthful. *Ashby v. State* (1985), Ind., 486 N.E.2d 469. This presumption can be overcome by a showing of a general atmosphere of prejudice throughout the community. *Id.*

In support of his motion, appellant cites evidence of publicity he presented at the hearing on the motion and statements made by prospective jurors during *voir dire* that they either had read or had heard about the crime. If we assume for the sake of argument that appellant has shown adverse publicity, he also must show that the jurors were unable to set aside any preconceived notion of guilt. Appellant asserts that because many of the prospective jurors knew Officer Smith, the prosecutor, and defense counsel, he has overcome the presumption of truthful *voir dire* responses.

The record shows that the jurors who were selected stated they were able to set aside any preconceived notions of guilt and were able to render a decision based only upon the evidence. We cannot say the jurors selected could not be impartial in rendering their opinion. We find no error.

■ Appellant contends the trial court erred in denying his motion for individual sequestered *voir dire*.

Appellant concedes that a criminal defendant has no absolute right to separately question a prospective juror outside the presence of other jurors. *Hadley v. State* (1986), Ind., 496 N.E.2d 67. In *Hadley*, this Court addressed the issue of the denial of individual *voir dire*. There we stated:

"The trial court has broad discretionary power in regulating the form and substance of *voir dire* examination. *Kalady v. State* (1984), Ind., 462 N.E.2d 1299. Individualized *voir dire* of prospective jurors may be required where the circumstances are highly unusual or potentially damaging to the defendant. *Burris v. State* (1984), Ind., 465 N.E.2d 171, *cert. denied*, 469 U.S. 1132, 105 S.Ct. 816, 83 L.Ed.2d 809.

Each juror had the duty to answer all questions of *voir dire* fully and truthfully. *McFarland v. State* (1979), 271 Ind. 105, 390 N.E.2d 989; *Johnston v. State* (1958), 239 Ind. 77, 155 N.E.2d 129. Hadley's argument that jurors questioned in a group are less likely to respond honestly is largely based on supposition; Hadley has not provided evidence that any of the jurors answered dishonestly or were silent when they had an affirmative duty to speak. The record of this *voir dire* indicates that all jurors were aware of their proper role and agreed to follow the instructions of the court. Hadley has failed to show that the trial court's denial of individualized *voir [dire]* and sequestration of potential jurors constituted an abuse of discretion." *Id.* at 72-3.

It is appellant's position that the instant case falls within the "highly unusual or potentially damaging" circumstances. He contends that many of the prospective jurors were familiar with the facts and circumstances in the instant case. We fail to find that appellant has presented anything that was "highly unusual or potentially damaging" so as to require individual *voir dire*. From the record, the jurors chosen formed no opinions or if they had, they were able to put them aside. The jurors also stated that they were aware of their duty to follow the instructions presented by the trial court. We find the trial court did not err.

■ Appellant contends the trial court erred in granting the State's motion *in limine* which sought to prevent the defense from presenting evidence of or arguing potential penalties.

Appellant concedes that this Court in *Inman v. State* (1979), 271 Ind. 491, 393 N.E.2d 767 was presented with this issue and ruled against his position but contends that the circumstances in this case are different from *Inman*. We fail to find appellant's argument persuasive.

■ Appellant contends the trial judge showed partiality to the State and bias against him. Appellant's position is that the trial judge's actions in notifying the parties by telephone to point out a defect in the information the day before the originally scheduled trial amounted to interjecting herself into the proceedings. He argues that this action shows partiality for the State and against him.

This Court stated in *Smith v. State* (1985), Ind., 477 N.E.2d 857, 864:

"The law presumes that a judge is unbiased and unprejudiced in the matters which come before the judge. A judge has the discretionary power to disqualify himself or herself *sua sponte* whenever any semblance of judicial bias or impropriety comes to the judge's attention. Additionally, where a judge has actual prejudice in a case, justice requires that a *sua sponte* judicial disqualification from the case be made. *Nelson v. State* (1982), Ind.App., 436 N.E.2d 1153. The record must show actual bias and prejudice against the defendant before a conviction will be reversed on the ground that the trial judge should have been so disqualified. *Jones v. State* (1981), Ind. App., 416 N.E.2d 880."

The Indiana Court of Appeals in *Stein v. State* (1975), 166 Ind.App. 133, 334 N.E.2d 698, had a similar issue to the one presented in the instant case. In *Stein*, the defendant alleged judicial prejudice. However, the alleged prejudice was known to him prior to the trial. The Court of Appeals in affirming the conviction stated:

"If the prejudice alleged by appellant existed, he could have obtained a change of venue from the trial judge at such time under the following provisions of Ind. Rules of Procedure, Criminal Rule 12: * * * *

A litigant cannot be allowed to gamble on the possibility of a favorable verdict by sitting idly by, making no objection to matters he considers prejudicial, and then attempting to assert such matters as error after an unfavorable disposition of his cause. *Vedron v. State* (1975), 163 Ind.App. 28, 321 N.E.2d 847. In the case at bar, appellant failed to move for a change of judge at a time when ·the alleged prejudice was known to him and when any possible harm to himself could have been avoided. He chose instead to proceed to trial and, having received an unfavorable judgment, cannot now avail himself of this alleged error." *Id.* [166 Ind.App.] at 135–36, 334 N.E.2d at 699–700.

Finding *Stein* analogous to the instant case, we note that appellant did not move for a change of judge on the basis of impartiality. In addition, we fail to find any actual bias on the part of the trial judge against appellant. We find no error.

■ Appellant contends his state and federal rights to a fair trial were denied when the trial court erroneously denied his motion *in limine* and admitted testimony of a State's witness.

Trial counsel for appellant filed a motion *in limine* seeking to prevent the State from presenting the testimony of Delmer Mathias, claiming this evidence was not relevant to the criminal charges filed against him and was prejudicial. The State responded that the evidence of flight showed appellant's consciousness of guilt and was indicative of his intent. The trial court denied appellant's motion.

Mathias testified at trial that he and his brother were in the Burns City area when they noticed a man driving a car between the railroad tracks. The vehicle then turned onto the roadway behind their vehicle. They noticed that two of the vehicle's tires were flat and decided to let the vehicle pass their car. About that time, the other vehicle stopped and the driver exited with a gun. Mathias testified that the driver pointed the gun in their direction and fired a shot.

The trial court has wide latitude in ruling on the admissibility of the evidence in determining its relevancy. *Huffman v. State* (1989), Ind., 543 N.E.2d 360. This Court stated in *Henson v. State* (1989), Ind., 535 N.E.2d 1189, 1191:

"Evidence is relevant if it is material and has probative value. [Citation omitted.] Evidence is material if it is offered to prove a matter in issue. Evidence has probative value if it has any tendency to make the existence of any fact that is of consequence to the determination of the action (i.e., any material fact) more or less probable than it would be without the evidence."

Evidence of flight may be considered as circumstantial evidence of consciousness of guilt. *Jones v. State* (1985), Ind., 485 N.E.2d 627; *Richardson v. State* (1985), Ind., 481 N.E.2d 1310.

It is appellant's contention however that the prejudicial impact of Mathias' testimony outweighs its probative value and therefore should have been excluded, citing *Miller v. State* (1982), Ind., 436 N.E.2d 1113.

We hardly can say that Mathias' testimony was not relevant in showing the flight by appellant and was consequently admissible on the issue of consciousness of guilt. We find that the trial court did not err in denying appellant's motion *in limine*.

The trial court is affirmed.

SHEPARD, C.J., and PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., concurs with separate opinion in which SHEPARD, C.J., PIVARNIK and DICKSON, JJ., concur.

DeBRULER, Justice, concurring.

The initial information charging Brown with attempted murder, prior to its amendment, omitting formal parts and other parts irrelevant to the claim of judge bias, read:

Brown did attempt to commit the crime of Murder by aiming at and firing a handgun at Danny Smith, which conduct constituted a substantial step toward the commission of said crime of Murder.

The trial court correctly perceived that this information did not adequately set out the necessary elements of the crime of attempted murder, as it failed to state that the acts of the defendant were done with the intent to kill the victim, thereby omitting an essential element. *Smith v. State* (1984), Ind., 465 N.E.2d 702. The intent-to-kill element is the key element which distinguishes attempted murder from battery of a law enforcement officer and other lesser offenses. *Smith v. State* (1981), Ind., 422 N.E.2d 1179. In the realization that the law would countenance only a clear, no-nonsense charging information and a clear, no-nonsense jury instruction placing the burden upon the State to prove one of the specific forms of intent essential to the crime of murder, *Abdul–Wadood v. State* (1988), Ind., 521 N.E.2d 1299, the trial court made contact with both counsel, thereby precipitating a saving amendment. Because of the central character of this pleading problem to the whole case, the special problems presented when the prosecution seeks vindication for injury done to one of its own officials, the closeness of the impending trial, and the open and balanced manner in which it was done, the judge's incursion here into a realm ordinarily reserved to advocates does not show a disqualifying bias or prejudice, but instead shows a worthy degree of diligence and proper temperament.

SHEPARD, C.J., and PIVARNIK and DICKSON, JJ., concur.