PYLE, Judge,
concurring with opinion.
I concur with my colleagues. However, I also think it is important to note that Mathews’s argument regarding the trial court’s denial of his motion for mistrial fails because he did not demonstrate how he was deprived of a fair trial. His argument is solely based on Rule 2.11 of the Indiana Code of Judicial Conduct. This rule places an affirmative duty upon a judge to disqualify when his or her impartiality might reasonably be questioned. See Voss v. State, 856 N.E.2d 1211 (Ind.2006). The language and examples provided with the rule presuppose that a judge has knowledge of an event that calls into question his or her ability to be fair and impartial. In this case, the record reveals that neither the judge, prosecutor, defense counsel, nor Mathews himself was aware of the judge’s prior representation of Mathews until after the completion of the first phase of the trial. At that point, the judge correctly disqualified himself from the case. Therefore, because there was no knowledge during the trial, there was no duty to disqualify.[1]

. If Mathews (1) had been aware that the presiding judge had previously represented him in an unrelated criminal matter, and (2) failed to disclose that fact until after the first phase of the trial was completed, then he would have consented to the perceived error. Hope v. State, 903 N.E.2d 977 (Ind.Ct.App.2009); Stein v. State, 166 Ind.App. 133, 334 N.E.2d 698 (1975) trans. denied.