**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**ELLEN M. O'CONNOR**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CLEVE STONE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1303-CR-102 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Kurt M. Eisgruber, Judge
Cause No. 49G01-1110-FA-69856

**November 6, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

Cleve Stone appeals his convictions for Class A felony burglary and Class C felony robbery. Because the evidence shows that Stone broke and entered a building with the intent to commit theft and participated in taking another person's wallet from his presence with force, we conclude that the evidence is sufficient and therefore affirm.

**Facts and Procedural History**

On September 30, 2011, Efren Merino Lopez texted Crystal Holloway and asked her to come to his mobile home and have sex with him in exchange for money. Shortly thereafter, Crystal arrived at Efren's mobile home with her friend, Bethany Arthur. Stone and Josh Doan[1] rode with the girls and remained in the car. According to Bethany, the group planned to rob Efren. Crystal and Bethany went into Efren's mobile home and discussed the price for having sex. Crystal then went to the bathroom and called Stone on her cell phone.

Stone and Doan ran from the car to the mobile home and burst inside demanding money. Doan was armed with a pistol, and Stone was armed with an assault rifle. Crystal and Bethany went to the car and waited for Doan and Stone. Doan pointed his gun at Efren. He then hit Efren with the pistol, causing him to fall to the ground. Once on the ground, Doan started kicking Efren and demanded money. Efren's head and face were injured, requiring stitches. Doan then asked if anyone else was in the house. Efren told Doan that his brother, Fidel Merino Lopez, and two young children were sleeping in the other room.

---

[1] In a related case, this Court affirmed the convictions of co-defendant Josh Doan and reversed his habitual-offender enhancement. *Doan v. State*, No. 49A04-1302-CR-90 (Ind. Ct. App. Nov. 6, 2013).

Doan went into the bedroom and awakened Fidel and his children. Stone stayed in the living room, pointing his rifle at Efren.

Doan then ordered Fidel and his children into the living room. Once in the living room, Doan hit Fidel with his pistol, knocking him to the floor. Stone hit Fidel with his rifle, injuring Fidel's head. Doan and Stone demanded money from Fidel.

Meanwhile, Bethany, who was still sitting in the car, became worried and returned to the mobile home. Once inside, she went into Efren's bedroom and rummaged through his belongings, looking for valuables. Bethany then went back into the living room. Doan grabbed Efren's wallet and handed it to Bethany. She took the wallet to the car and then returned to the mobile home.

Shortly thereafter, the police arrived. Doan, Stone, and Bethany escaped through the back window of the mobile home. The police found Stone and Bethany behind the mobile home. Stone's rifle was also found behind the mobile home.

The State charged Stone with Class A felony burglary, two counts of Class B felony robbery, two counts of Class C felony battery, and two counts of Class B felony criminal confinement. Appellant's App. p. 30-33. The State alleged that Stone was a habitual offender. *Id.* at 60. Stone waived his right to a jury trial. *Id.* at 53-54.

A bench trial was conducted in January 2013. The trial court granted Stone's motion for a judgment on the evidence for one count of Class B felony robbery. Tr. p. 159-60. The trial court found Stone guilty of Class A felony burglary, Class B felony robbery, two counts of Class C felony battery, and two counts of Class B felony criminal confinement. *Id.* at 174-76. Stone stipulated to being a habitual offender. *Id.* at 177.

3

At sentencing, among other things, the trial court reduced the Class B felony robbery to a Class C felony. Appellant's App. p. 27; Tr. p. 190-91. The trial court sentenced Stone to seventy years imprisonment, which included a thirty-year habitual-offender enhancement. Tr. p. 215-216. The trial court ordered the final four years of Stone's sentence to be executed at Community Corrections. *Id.*

Stone now appeals.

### Discussion and Decision

Stone contends that the evidence is insufficient to support his convictions for Class A felony burglary and Class C felony robbery. He does not challenge his other convictions. When reviewing the sufficiency of the evidence, we neither reweigh the evidence nor determine the credibility of witnesses. *Bailey v. State*, 979 N.E.2d 133, 135 (Ind. 2012). We look solely to the evidence most favorable to the judgment together with all reasonable inferences to be drawn therefrom. *Id.* A conviction will be affirmed if the probative evidence and reasonable inferences to be drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. *Id.*

Class C felony burglary is the breaking and entering of the building or structure of another with the intent to commit a specific felony therein. Ind. Code § 35-43-2-1. The offense is elevated to a Class A felony if it results in bodily injury or serious bodily injury to any person other than a defendant. *Id.* § 35-43-2-1(2).

Stone argues that the evidence is insufficient to support his conviction for Class A felony burglary because he lacked the requisite intent to commit a felony inside Efren's house. The "intent to commit a specific felony at the time of the breaking and entering

4

may be inferred from the circumstances." *Baker v. State*, 968 N.E.2d 227, 229-30 (Ind. 2012) (internal quotations omitted). The evidence showing the intent to commit a felony "need not be insurmountable, but there must be a specific fact that provides a solid basis to support a reasonable inference that the defendant had the specific intent to commit a felony." *Id.* at 230 (internal quotations omitted). The evidentiary inference of intent must be distinct and separate from the evidentiary inference supporting a breaking and entering. *Id.*

The evidence most favorable to the conviction shows that after receiving a call from Crystal, Stone broke into Efren's home, struck Fidel with his weapon, and demanded money. Tr. p. 86-87. This, alone, was sufficient to justify the Class A felony burglary conviction. Moreover, Bethany stated that, "it was never really gonna be prostitution. It was a robbery." *Id.* at 111. Stone's argument that he entered the house in order to protect the women is an attempt to reweigh the evidence, something this Court cannot do.

Class C felony robbery occurs when a person "knowingly or intentionally takes property from another person or from the presence of another person: (1) by using or threatening the use of force on any person; or (2) by putting any person in fear . . . ." Ind. Code § 35-42-5-1.

Stone argues that the evidence is insufficient support his conviction for robbery because he lacked the intent to commit a robbery. However, when Stone entered Efren's home, he brandished his rifle and demand money from Efren. Tr. p. 28-29. Stone held Efren at gunpoint while Bethany looked through drawers for valuables in Efren's bedroom. Moreover, Doan gave Bethany Efren's wallet, which she carried to the car. When the

5

police arrived, the fact that Stone fled out the back window further suggests he intended to rob Efren. *See Brown v. State*, 563 N.E.2d 103, 107 (Ind. 1990) (holding that a defendant's flight can be considered circumstantial evidence of consciousness of guilt). The other arguments Stone raises are merely an invitation to reweigh the evidence, which we cannot to do. We therefore affirm Stone's convictions for Class A felony burglary and Class C felony robbery.

Affirmed.

BAKER, J., and FRIEDLANDER, J., concur.